IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DANIEL JESUS VARGAS-ROMERO, Reg. No. 05895-480, Movant, v. UNITED STATES OF AMERICA, Respondent. | § § § § § § § § § § § | EP-19-CV-359-PRM EP-18-CR-1128-PRM |

## MEMORANDUM OPINION AND ORDER VACATING AND REINSTATING A JUDGMENT IN A CRIMINAL CASE AND DISMISSING MOVANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

On this day, the Court considered Movant Daniel Jesus Vargas-Romero's [hereinafter "Movant"] pro se "Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 60)[1] [hereinafter "Motion to Vacate"], filed on December 5, 2019, in the above-captioned cause. Therein, Movant challenges the sentence of sixty months' imprisonment imposed by the Court after he pleaded guilty, without the benefit of a plea agreement,

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-18-CR-1128-PRM-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

to a two-count indictment charging him with drug-trafficking offenses. J. Crim. Case, Dec. 10, 2018, ECF No. 54. Movant claims, among other things, that his retained counsel provided constitutionally ineffective assistance when she failed to file a requested notice of appeal. Mot. to Vacate 5. For the reasons discussed below, the Court is of the opinion that it will grant Movant's Motion to Vacate.

## I. BACKGROUND AND PROCEDURAL HISTORY

On July 24, 2017, Movant arranged by telephone to deliver two kilograms of cocaine to an unidentified individual. Presentence Investigation Report [hereinafter "PSR"]) ¶ 5, Nov. 28, 2018, ECF No. 51 (sealed). Movant subsequently waited for the individual in a restaurant parking lot in El Paso, Texas. *Id.* Once the individual arrived, the two walked to Movant's pickup truck, where Movant retrieved a black trash bag and handed it to the individual. *Id.* Laboratory analysis later revealed that the bag contained cocaine powder with a net weight of 2,005 grams. *Id.* at ¶ 7. Movant was arrested on April 18, 2018. *Id.* at ¶ 5.

On September 24, 2018, Movant pleaded guilty to a two-count Indictment before the Magistrate Judge. *Id.* at ¶ 1. Count One

charged him with conspiracy to possess with intent to distribute 500 grams or more of cocaine. *Id.* Count Two charged him with possession with intent to distribute 500 grams or more of cocaine. *Id.*

A probation officer relied on the 2018 United States Sentencing Commission Guidelines Manual to prepare the PSR. *Id.* at ¶ 21. The probation officer determined, "[b]ased upon a total offense level of 23 and a criminal history category of II, the guideline imprisonment range [was] 51 months to 63 months." *Id.* at ¶ 56. The probation officer noted, however, that both offenses carried a 60-month mandatory-minimum sentence. *Id.* at ¶ 55. Consequently, the guideline imprisonment range became 60 to 63 months. *Id.* at ¶ 56.

Movant did not object to the PSR. Objections to PSR, Nov. 28, 2018, ECF No. 51-2 (sealed). The Court subsequently adopted the PSR without change. Statement of Reasons, Dec. 10, 2018, ECF No. 55 (sealed).

On December 7, 2018, the Court sentenced Movant to two concurrent terms of 60 months' imprisonment. J. Crim. Case. The Court also entered a "Notice of Defendant's Right to Appeal." Notice,

Dec. 7, 2018, ECF No. 53. Although Movant acknowledged the Notice with his signature, he did not timely appeal his conviction or sentence.

Movant now asserts in his § 2255 Motion that his counsel provided constitutionally ineffective assistance. Mot. to Vacate 5. Specifically, Movant claims his counsel did not advise him of his "Right to a Direct Appeal." *Id.* Movant also claims he was "manipulated and intimidated . . . into signing a Plea Agreement." *Id.* Movant finally claims his "attorney never filed my notice of appeal, despite my request that she preserve my right to direct appeal." *Id.* Movant asks the Court to "vacate, set aside or correct [his] sentence and conviction." *Id.* at 13.

## II. APPLICABLE LAW

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief pursuant to § 2255 is warranted for errors that occurred at trial or at sentencing. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987). Before a court will grant relief, however, the movant must establish that either "(1) his sentence was imposed in violation of the

4

Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

An ineffective assistance of counsel claim presented in a § 2255 motion is analyzed pursuant to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94. This means a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable

conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). "[C]ounsel's assistance is deficient if it falls 'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). "[T]o prove prejudice, 'the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). If the movant fails to prove one prong, it is not necessary to analyze the other. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## III. ANALYSIS

Vargas-Romero asserts that his counsel provided constitutionally ineffective assistance. Mot. to Vacate 5. Specifically, he claims his counsel did not advise him of his "Right to a Direct Appeal." *Id.* He also claims he was "manipulated and intimidated . . . into signing a Plea

6

Agreement."[2] He finally claims his "attorney never filed my notice of appeal, despite my request that she preserve my right to direct appeal." *Id.*

"[C]ounsel is constitutionally required to fully inform the defendant as to his appellate rights." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999). Moreover, "[t]he Constitution requires that 'the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal.'" *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994) (quoting *Qualls v. United States*, 774 F.2d 850, 851–52 (7th Cir. 1985)). "[C]ounsel's failure to inform [a defendant] of the time limit for filing an appeal [is] objectively unreasonable." *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993). Furthermore, the failure to file a requested notice of appeal is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000). Thus, assuming Movant's

---

[2] *Id.* Movant pled guilty to the Indictment on September 24, 2018. R. & R. of Magistrate Judge Upon Def's. Plea of Guilty, Sept. 24, 2018, ECF No. 39. Movant did not enter the plea pursuant to a plea agreement. *Id.*

7

allegations are true, the Court determines that counsel's deficient performance deprived Movant of more than a fair judicial proceeding; the deficient performance deprived him of an appellate proceeding altogether.

The Court has "'broad and flexible power . . . to fashion an appropriate remedy'" in a § 2255 proceeding. *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("in appropriate cases a § 2255 proceeding can . . . be utilized to provide a . . . flexible remedy"); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) (noting "the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority" and "'the equitable nature of habeas corpus relief'" (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997))).

Based on the circumstances in this case, the Court is of the opinion that permitting Movant to pursue an out-of-time appeal would serve as an equitable and appropriate remedy. *See Gipson*, 985 F.2d at 215 ("In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors,

resulting in the denial of his right to appeal."); *Childress v. Lynaugh*, 842 F.2d 768, 772 (5th Cir. 1988) ("Prejudice resulting from the denial of a defendant's right to appeal is presumed because a criminal conviction can be attacked on numerous grounds and thus, given the likelihood of prejudice, a case-by-case inquiry is not worth the cost.").

In the Fifth Circuit, "the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice." *United States v. West*, 240 F.3d 456, 460 (5th Cir. 2001). The sentencing court then reinstates the movant's judgment of conviction to reset the time from which the appeal should run. *See United States v. Flores*, 442 F. App'x 123, 124 (5th Cir. 2011) ("Once the judgment is reentered, [Defendant]'s notice of appeal will be treated as if it was filed on the date of or after reentry."). This procedure remedies counsel's deficiency by providing a § 2255 movant with the opportunity to file a notice of appeal from the re-imposed sentence within the fourteen days mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *See West*, 240 F.3d at 459 (explaining that the Fifth Circuit Court of Appeals sanctions this procedure, noting the distinction between the judicial and statutory remedy).

9

## IV. CONCLUSION AND ORDERS

Accordingly, for the reasons discussed above, the Court enters the following orders:

**IT IS ORDERED** that the Judgment in a Criminal Case (ECF No. 54) is **VACATED** and **REINSTATED** as of the date a final judgment is entered in the instant civil cause.

**IT IS FURTHER ORDERED** that the reinstated Judgment in a Criminal Case shall **RECOMMENCE the fourteen-day period for filing a timely notice of appeal** set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

**IT IS FURTHER ORDERED** that Movant Daniel Jesus Vargas-Romero's pro se "Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 60), and cause number EP-19-CV-359-PRM, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant Daniel Jesus Vargas-Romero is **DENIED** a certificate of appealability concerning his § 2255

Motion.[3]

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to United States Magistrate Judge Anne T. Berton to determine whether Movant Daniel Jesus Vargas-Romero is eligible for court-appointed counsel in accordance with 18 U.S.C. § 3006A and Federal Rule of Criminal Procedure 44. If Movant is eligible, the Court **DIRECTS** Magistrate Judge Berton to appoint counsel for a direct appeal.

**IT IS FURTHER ORDERED** that all pending motions in the above-numbered causes, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** cause number EP-19-CV-359-PRM.

SIGNED this __27__ day of January, 2020.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[3] *See* Rule 11(a), 28 U.S.C. foll. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").